UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION

07 MAY -7 PM 1:41

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| TERRI POWERS,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    CAUSE NO. |
| NATIONAL RURAL LETTER<br>CARRIERS' ASSOCIATION<br>GROUP BENEFIT PLAN,<br>    Defendant | )<br>)    4:07-cv-0062-DFH-WGH<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act (ERISA), found at 29 U.S.C. Section 1101 *et seq.* This Court has jurisdiction of this claim pursuant to 29 U.S.C. 1132(e).

2. Plaintiff, Terri Powers, is a resident of Ripley County, Indiana, and a citizen of the United States of America.

3. Plaintiff was a rural letter carrier with the United States Postal Service from August 1976 through March 1998, and a member of the National Rural Letter Carriers' Association.

4. As a member of the National Rural Letter Carriers' Association, Plaintiff is a participant and beneficiary of the National Rural Letter Carriers' Association Plan ("the Plan").

5. The Plan includes provisions for entitlement to Long Term Disability Benefits.

## II.

## **FACTUAL ALLEGATIONS**

6. As a rural letter carrier, Plaintiff performed unskilled, medium to heavy work for nearly 22 years.

7. Plaintiff received Long Term Disability Benefits under the Plan from the time she stopped work for the United States Postal Service in 1998 until Defendant terminated those benefits on April 15, 2006.

8. Plaintiff has submitted medical evidence that establishes that her condition has not improved since she was previously found entitled to Long Term Disability Benefits.

9. Defendant has no evidence that Plaintiff's condition has improved since Plaintiff was previously found entitled to Long Term Disability Benefits

10. Even if she had not previously been determined to be disabled, Plaintiff has submitted medical and vocational evidence that establishes that she cannot sustain work and is entitled to Long Term Disability Benefits under the Plan.

11. Under the Plan, Plaintiff is entitled to Long Term Disability Benefits unless Plaintiff can do an occupation for which she is qualified by education, training or experience.

12. Defendant has terminated Plaintiff's Long Term Disability Benefits on the basis that Plaintiff could be a surveillance-system monitor, a lens-block gauger, a button reclaimer, and a table worker.

13. Because Plaintiff is not qualified for any of those four jobs because of her education, training, or experience, Plaintiff is entitled to a resumption of her Long Term Disability Benefits.

14. Plaintiff has submitted expert medical and vocational evidence that establishes that Plaintiff cannot do any of those four jobs and is entitled to a resumption of her Long Term Disability Benefits.

15. Defendant conducted surveillance on Plaintiff, and nothing in the surveillance contradicts Plaintiff's inability to work.

16. Defendant has wrongfully denied Plaintiff's request that her Long Term Disability Benefits be resumed.

17. Plaintiff has exhausted all administrative remedies and procedures made available to her by Defendant.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Exercise jurisdiction in this case and award Plaintiff the past-due and continuing Long-Term Disability Benefits to which she is entitled under the Plan;

2. Award Plaintiff attorneys fees and costs;

3. Award Plaintiff all appropriate pre-judgment and post-judgment interest; and

4. Award Plaintiff any and all additional and alternative relief as equity and justice may require.

By: _____
Timothy J. Vrana, #1841-03
Attorney for the Plaintiff

TIMOTHY J. VRANA LLC
636 Third Street
P. O. Box 527
Columbus, IN  47202-0527
(812) 375-9306
(812) 375-9304 (facsimile)
tim@timvrana.com