IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TERRI POWERS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NATIONAL RURAL LETTER<br>CARRIERS' ASSOCIATION GROUP<br>BENEFIT PLAN,<br><br>　　　　　　　　　　Defendants. | CAUSE NO.: 4:07cv0062 DFH WGH |

CASE MANAGEMENT PLAN

I.　**Parties and Representatives**

　　A.　Plaintiff - Terri Powers

　　　　Defendant - National Rural Letter Carriers' Association Group Benefit Plan (substitution of parties to be filed shortly naming Hartford Life and Accident Insurance Company as Defendant)

　　B.　Plaintiff's Counsel - Timothy J. Vrana, Timothy J. Vrana LLC, 636 Third Street, PO Box 527, Columbus, Indiana 47202, 812- 375-9306, 812-375-9304 (fax), tim@timvrana.com

　　　　Defendant's Counsel - Mark E. Schmidtke and Eric P. Mathisen, Schmidtke Hoeppner Consultants LLP, 103 E. Lincolnway, Valparaiso, IN 46383, 219-476-1522, 219-464-1401 (fax), mschmidtke@hwelaw.com, emathisen@hwelaw.com

　　Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.　**Synopsis of Case**

　　A.　<u>Plaintiff</u>: Plaintiff was employed as a rural letter carrier and was a member of the National Rural Letter Carriers' Association. She was a participant in the employee benefit plan sponsored by the National Rural Letter Carriers' Association. Plaintiff received disability benefits pursuant to the long term disability Policy from 1988 through April 15, 2006 when Defendant terminated further benefits. Plaintiff appealed the termination of her benefits and exhausted her administrative remedies. Defendant upheld its termination of Plaintiff's long-term disability benefits. Plaintiff contends that the decision to deny the continuation of her long-term disability benefits was an

          abuse of discretion, arbitrary and capricious, and in violation of the Employee Retirement Security Income Act ("ERISA").  This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. section 1132(e).

    B.    <u>Defendant</u>:  Plaintiff is seeking judicial review of a decision to deny her claim for long term disability benefits under an ERISA-governed plan.  The plan grants express discretion to determine benefits and the standard governing the Court's review will be whether the decision was arbitrary and capricious.  The scope of the Court's review will be limited to the claim file and the policy documents.  Plaintiff received benefits through the time that she met the definition of total disability.  Benefits were paid in accordance with the plan terms and Defendant's decision should be upheld.  Defendant intends on filing a motion for summary judgment.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 31, 2007.

    B.    Plaintiff shall file preliminary witness and exhibit lists: not applicable.

    C.    Defendant shall file preliminary witness and exhibit lists: not applicable.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before August 31, 2007.

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before September 15, 2007.

          Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.    This is an ERISA suit for judicial review of the decision to deny long term disability benefits based upon the administrative record.  Therefore, Plaintiff does not anticipate the retention of any expert witnesses.

    G.    This is an ERISA suit for judicial review of the decision to deny long term disability benefits based upon the administrative record.  Therefore, Defendant does not anticipate the retention of any expert witnesses.

    H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

    I.    All parties shall file and serve their final witness and exhibit lists: not applicable.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. At this time, the parties do not anticipate the need for discovery of electronically stored information. Defendant's counsel will provide a complete copy of the administrative record, including any emails or other electronic information, in paper form. If the issue does arise as the litigation progresses, counsel for the parties will engage in further discussions and attempt to reach agreement concerning cost allocation, treatment of "embedded data" or "metadata"; and any appropriate protocols to facilitate discovery without waiving any claims of privilege.

## IV.   Discovery and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

ERISA cases involving an arbitrary and capricious review standard are typically decided on summary judgment. Defendant anticipates filing a motion for summary judgment on the basis that its decision was not arbitrary and capricious.
The parties understand that the Court may opt to resolve these issues via a bench trial on the record rather than by way of dispositive motions. For that reason, the parties have

designated this as a Track 1 case below.  If the Court prefers dispositive motions, Track 2 would be the more appropriate track.

B     Select the track that best suits this case:

  X    Track 1: No dispositive motions are anticipated.  All discovery shall be completed[1] by November 30, 2007. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

     Track 2: Dispositive motions are expected and shall be filed by _[13 months from AD]; non-expert witness discovery and discovery relating to liability issues shall be completed by _ [12 months from AD][2]; expert witness discovery and discovery relating to damages shall be completed by _ [16 months from AD].

     Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 11 months from Anchor Date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 7-10 months from Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

     Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.  [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

---

[1] The term "completed," as used in Section III.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

[2] The parties shall pick specific dates within each four-month range.  The parties shall set these dates in a manner that will most likely leave sufficient time to complete discovery, if necessary, after any dispositive motion ruling.

V.  **Pre-Trial/Settlement Conferences**

The parties are currently discussing the prospect of a court-mediated settlement conference at some point after Rule 26(a)(1) disclosures are completed and before trial or summary judgment briefing.  If a settlement conference takes place, Defendant's representative requests the Court's permission to participate by phone in lieu of traveling from Connecticut.

VI.  **Trial Date**

The presumptive trial date is March 7, 2008.  The trial is by Court and is anticipated to take 2 hours.  The parties shall file opening trial briefs by February 1, 2008.  Response briefs shall be filed by February 22, 2008.  Reply briefs shall not be filed.

VII.  **Referral to Magistrate Judge**

At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

VIII.  **Required Pre-Trial Preparation**

  A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

  1.  The administrative record and policy documents will be the only exhibits.  They will be bates numbered for convenience of the Court.

  2.  Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

  3.  Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

  B.  **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

  1.  Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

IX.  **Other Matters**

   Plaintiff believes that paragraphs A, H, & J of Section III and Sections IV, V, VII, and VII are not necessary in light of the nature of the case.  She believes that the Court should set dates for filing of the administrative record and plan documents, a deadline for Plaintiff's demand and Defendant's offer, and a briefing schedule.

       Respectfully submitted,

       **SCHMIDTKE HOEPPNER CONSULTANTS LLP**

       s/ Eric P. Mathisen
       Eric P. Mathisen, #19475-71

Mark E. Schmidtke, #1733-45
Attorneys for Defendants
**SCHMIDTKE HOEPPNER CONSULTANTS LLP**
103 E. Lincolnway
Valparaiso, Indiana 46383
Ph.: (219) 476-1522
Fx.: (219) 464-1401
emathisen@hwelaw.com
mschmidtke@hwelaw.com


       s/Timothy Vrana
       Timothy Vrana
       Timothy J. Vrana LLC
       636 Third Street, PO Box 527
       Columbus, Indiana 47202
       812- 375-9306
       812-375-9304 (fax)
       tim@timvrana.com


**************************************************************************

_____       PARTIES APPEARED IN PERSON/BY COUNSEL ON _____
     FOR A PRETRIAL/STATUS CONFERENCE.


_____       APPROVED AS SUBMITTED.


_____       APPROVED AS AMENDED.

_____       APPROVED AS AMENDED PER SEPARATE ORDER.

_____       APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE
     SHORTENED/LENGTHENED BY _____ MONTHS.

_____   APPROVED, BUT THE DEADLINES SET IN SECTION(S)   _____ OF THE PLAN IS/ARE  SHORTENED/LENGTHENED BY\_\_     MONTHS.

_____   THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS

SCHEDULED FOR   _____ AT _____ .M., ROOM _____.

_____   A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_\_)_____.

_____   DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ _____ .

_____

_____

_____

_____

_____ _____

_____             _____
Date                                                           U. S. District Court
                                                                           Southern District of Indiana